# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN DUKES,<br><br>   Petitioner,<br><br>  v.<br><br>CHRISTIAN PFEIFFER, et al.<br><br>   Respondents. | Case No. 1:17-cv-00469- EPG-HC<br><br>ORDER TO SHOW CAUSE |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

**A. Exhaustion**

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's

alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

If Petitioner has not sought relief in the California Supreme Court for the claims that he raises in the instant petition, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). It does not appear that Petitioner has presented his claims to the California Supreme Court. (ECF No. 1 at 12, 14).[1] It is possible, however, that Petitioner has presented all of his claims to the California Supreme Court and failed to indicate this to the Court. Thus, Petitioner must inform the Court whether each of his claims has been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court that includes the claims now presented and a file stamp showing that the petition was indeed filed in the California Supreme Court.

**B.  Petitioner's Claims**

By statute, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A claim falls within the "core of habeas corpus" when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of confinement. McCarthy v. Bronson, 500 U.S. 136, 141–42 (1991); Preiser, 411 U.S. at 499.

The instant petition is difficult to read and comprehend. To the extent the Court is able to decipher the petition, Petitioner appears to challenge various conditions of confinement. For

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

instance, Petitioner mentions issues regarding indigent stamps, soap, the canteen, hot water in his cell, and his trust account. (ECF No. 1 at 8–11). The Ninth Circuit has "long held that prisoners may not challenge mere conditions of confinement in habeas corpus." Nettles v. Grounds, 830 F.3d 922, 933 (9th Cir. July 26, 2016) (en banc) (citing Crawford v. Bell, 599 F.2d 890, 891–92 (9th Cir. 1979)).

Petitioner also appears to allege a breach of his plea agreement, in connection with a case in the Monterey County Superior Court, which provided for Petitioner to be transferred to Pelican Bay State Prison. (ECF No. 1 at 4). Petitioner asserts that he wishes to rescind his plea in light of the alleged breach and proceed to trial. (Id. at 4). Petitioner's claim relates to his conviction and sentence that occurred in the Monterey County Superior Court, and therefore, venue is more appropriate in the district of conviction, which is the Northern District of California. See Laue v. Nelson, 279 F.Supp. 265, 266 (N.D. Cal. 1968).

Petitioner also appears to challenge a prison disciplinary proceeding. (ECF No. 1 at 13). If "success on [Petitioner]'s claims would not necessarily lead to his immediate or earlier release from confinement, [Petitioner]'s claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." Nettles, 830 F.3d at 935 (quoting Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)). It is unclear whether Petitioner was penalized with any credit loss or a term in the Security Housing Unit. Therefore, it is unclear whether success on Petitioner's challenge to the disciplinary proceeding would necessarily lead to immediate or earlier release from custody or a reduction of the level of custody.[2] Accordingly, Petitioner will be required to show cause why the Court has habeas jurisdiction over this claim in light of Nettles.

## II.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Petitioner shall show cause why the petition should not be dismissed for failure to exhaust state court remedies and for failure to state

---

[2] Speedier release from custody also includes reduction of the level of custody. See Nettles v. Grounds, 788 F.3d 992, 995 (9th Cir. 2015) (citing Skinner, 562 U.S. at 535 n.13), on reh'g en banc, 830 F.3d 922 (9th Cir. 2016).

3

cognizable federal habeas claims within **THIRTY (30) days** from the date of service of this order.

Petitioner is forewarned that failure to follow this order may result in dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated: **April 6, 2017**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE